# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KILEY CLAY, Inmate #R00217,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) ) )     **CIVIL NO. 06-752-DRH** |
| **UNITED STATES OF AMERICA, ROD R. BLAGOJEVICH, RICHARD DALEY, and LISA MADIGAN,** | ) ) ) ) |
| **Defendants.** | ) ) |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Plaintiff's complaint is currently pending before the Court for an initial review. Plaintiff, an inmate in the Pontiac Correctional Center, filed his original, hand-written complaint on September 28, 2006. On October 3, 2006, the Court entered an order encouraging Plaintiff to file his complaint on the Court's forms, because a brief review of the original complaint indicated that much of the information required on those forms was not present on the document Plaintiff submitted, and in fact it was unclear what type of action Plaintiff intended to bring. Plaintiff did not follow that admonition; he never filed an amended complaint. Thus, the Court now undertakes an initial review of the original complaint.

    Plaintiff states that he is a Moorish American National being held hostage and kidnapped by the Illinois Department of Corrections in violation of the Universal Declaration of Human Rights and of the "Peace and Friendship Treaty of Morocco." Plaintiff goes on to describe in detail the tenets of his Moorish American religious faith, and describes the historical and religious beliefs of

Moorish American Nationals. Under the section of the hand-written complaint entitled "Relief Requested," Plaintiff states:

> 1. To be immediate released/freed "forever and a day" from the shallow grave of U.S. Assumable Jurisdictions and European Subjugation of being kidnapped and held hostage unlawfully in I.D.O.C.'s slavery institutions of a Genocidal Catastrophe (Involuntary Servitude), to the free land of our descent ancestral sovereignty. Known as Moorish American, which shields us from all genocidal catastrophes and deportations.
>
> 2  To be compensated, reimbursed, and reparationed too, as a sovereign collective group of politically self-governing free national citizens of Moorish American nationals of Moorish America for 229 billion dollars, with an pecuniary, exemplary, and nominal damages paid in monthly installments annually. Thereby, to be paid soon after being released/freed to Moorish America because we the world's indigenous people, as Moorish American Nationals, are the descendants of our ancient Moabite ancestors, who involuntarily gave their sweat, blood, tears, and lives to over 400 years of "forced unpaid slave labor," in which we do not want to be forever poor, homeless, slaves, denationalized human property, unstable alien elements, undesireables, civiliter murtuus, vulnerables, endangered species, miseducated, victims, destitutes, etc., which is the present oppressive economic, social and political conditions of our communities today, throughout the U.S. and abroad. Therefore, we are linking ourselves to the family tree of nations of the earth land, that's truly living the life as free national citizens, of a free national constitutional government. And thereby, all bearing one free national name.

As the Court explained in its order encouraging Plaintiff to refile his complaint on the Court's forms, it is impossible to tell from these statements whether Plaintiff intends this to be a habeas corpus action, challenging his conviction, or an action brought pursuant to 42 U.S.C. § 1983, in which a prisoner can seek damages for constitutional wrongs taken against him. Plaintiff's two stated requests for relief are procedurally incompatible. Either Plaintiff seeks release, and this is a habeas action under which he cannot receive damages, or this is a civil rights action under which he cannot seek release. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).


Furthermore, Plaintiff's complaint does not state any claim ripe for adjudication, because he does not allege any concrete dispute or conflict against the named defendants.

> Ripeness doctrine is based on the "central perception ... that courts should not render decisions absent a genuine need to resolve a real dispute." 13A Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure § 3532.1, at 114 (2d ed. 1984). Like the related doctrine of mootness, ripeness is grounded in both Article III and prudential concerns. *Daniels v. Area Plan Comm'n of Allen County*, 306 F.3d 445, 452 n. 3 (7th Cir. 2002); *Hinrichs v. Whitburn*, 975 F.2d 1329, 1333 (7th Cir. 1992). "Cases are unripe when the parties point only to hypothetical, speculative, or illusory disputes as opposed to actual, concrete conflicts." *Hinrichs*, 975 F.2d at 1333.

*Lehn v. Holmes*, 364 F.3d 862, 867 (7th Cir. 2004).

Because the Court cannot determine from the pleadings what type of action Plaintiff intends, and because the allegations do not state a conflict ripe for adjudication, the complaint is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

**DATED: March 8, 2007**

/s/    David   RHerndon
**DISTRICT JUDGE**